## No. C-708

**American Coleman Company and Liberty Mutual Insurance Company v. John Korczak**

### No.C-746

**John Korczak v. Division of Labor, Industrial Commission of the State of Colorado, American Coleman Company, Liberty Mutual Insurance Company**

(545 P.2d 1360)

Decided February 23, 1976.          Rehearing denied March 8, 1976.

Zarlengo, Mott and Zarlengo, Albert E. Zarlengo, Jr. for American Coleman Company and Liberty Mutual Insurance Company.

John Korzcak, pro se.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Peter L. Dye, Assistant, for Division of Labor, Industrial Commission of the State of Colorado.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

We granted certiorari to the court of appeals to review its decision overturning an Industrial Commission order which denied workmen's compensation to claimant Korczak. *Korczak v. Industrial Commission,* 36 Colo. App. 1, 536 P.2d 49.

We affirm.

Korczak filed a claim for compensation under the occupational disease act. He claimed he contracted carbon monoxide poisoning in the course of his employment with American Coleman Company (the company).

The Industrial Commission referee conducted four hearings at which were considered medical reports, the testimony of several physicians, plus evidence from a safety engineer. The finding adopted by the Commission was:

"That claimant's problems are unrelated to any work-related exposure to carbon monoxide or other noxious inhalants . . . ."

On review the court of appeals reversed the commission holding that it was error to admit testimony of the safety engineer to establish that the

level of carbon monoxide in the building [where claimant worked] was "well under recognized safe thresholds."

■ The court of appeals correctly ruled that the expert's conclusion was based on hearsay. The witness relied on what he called "American Standards" which was not prepared by him and was not identified as to content or author. However, we granted certiorari to clarify a statement in the decision which could cause the Commission on rehearing to shift the burden of proof to the employer. The court of appeals appeared to bottom its reversal on the statement that absent the expert opinion which was erroneously admitted there was therefore "[n]o other evidence. . . to establish that the carbon monoxide levels in the building did not exceed a safe level."

■ It is incumbent on the claimant to establish his claim. If the levels of carbon monoxide where he worked were at an unsafe level, it was his duty to so show. When this is not done there is no burden of proof on the employer to establish — as the court of appeals ruled — "that the carbon monoxide levels *did not exceed* a safe level."

It was not apparent from the findings of the referee what weight was given to the safety engineer's opinion on the question of the presence of carbon monoxide in the employer's plant. The referee merely summarized the testimony with no finding on the issue. However two medical experts did not believe that whether there was carbon monoxide present was a relevant factor. They stated claimant's medical problems could not be caused by carbon monoxide. One expert testified carbon monoxide does not cause any respiratory disease such as that suffered by claimant, but affects the oxygen supply in the blood stream and affects the brain, not the respiratory system.

Thus the referee's conclusion is supported by the evidence notwithstanding a silent record on the levels of carbon monoxide.

Nevertheless the cause must be remanded either for a new hearing or for the entry of adequate findings in the record as made after exclusion of the erroneous expert testimony.

The court of appeals' decision is affirmed and the cause returned to the court of appeals for remand to the Commission for further proceedings consonant with the views expressed herein.

MR. JUSTICE ERICKSON does not participate.